# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN HENRY,

           **Petitioner,**

    **v.**                                            **Case No. 11C0202**

MICHAEL THURMER, Warden,
Waupun Correctional Institution,
                  **Respondent.**

## ORDER

Petitioner John Henry files this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On May 29, 2008, petitioner pled guilty in Kenosha County Circuit Court of seven counts of repeated sexual assault of the same child. The court sentenced him to an aggregate of one hundred and fifty-five years of confinement.[1] He is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Four of the counts were committed prior to the implementation of Wisconsin's Truth-in-Sentencing reforms. On these counts, the court sentenced him to four consecutive indeterminate sentences of twenty years. On the remaining three counts, the court sentenced him to a total of seventy-five years of initial confinement followed by thirty-five years of extended supervision.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises three grounds for relief. First, petitioner claims that his plea was not made knowingly and voluntarily because he was not properly advised regarding his potential sentence. A "voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). A petitioner may, however, attack the plea by claiming ineffective assistance of counsel. See United States v. Broce, 488 U.S. 563, 574 (1989). Petitioner must show his lawyer's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). He must also show there is a reasonable probability that, but for his counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial." Liss v. United States, 915 F.2d 287, 291 (7th Cir. 1990). Petitioner claims that his trial counsel inappropriately promised that he would be sentenced to no more than ten to twenty years. He claims that had he known the true consequences of his plea, he would not have pled guilty and would have insisted on going to trial. It does not plainly appear from the petition and attached exhibits that petitioner is not entitled to relief, and therefore he may proceed on this claim. Second, petitioner claims that his appellate counsel was ineffective for failing to raise several issues on direct appeal. He may proceed on this claim as well. See Strickland v. Washington, 466 U.S. 668 (1984).

Finally, petitioner claims that the trial court inappropriately disregarded state sentencing guidelines while determining his sentence. The trial court concluded that the state sentencing guidelines were inapplicable and the Wisconsin Court of Appeals

affirmed, finding that the guidelines do not apply to offenses committed before 2003. State v. Henry, 329 Wis. 2d 711, __, 2010 Wisc. App. LEXIS 618, 6 (2010) (citing Wis. Stat. § 973.017(2)(a) (2005-2006)).  Because petitioner alleges only errors of state law, this claim is not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Koo v. McBride, 124 F.3d 869, 875 (7th Cir. 1997).

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows:  (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and transmitted electronically to the Attorney General for the State of Wisconsin pursuant to the memorandum of understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin this 4th day of April, 2011.


/s_____
LYNN ADELMAN
District Judge