# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN HENRY,**
        **Petitioner,**

     v.                                                **Case No. 11C0202**

**WILLIAM POLLARD,** Warden,[1]
Waupun Correctional Institution,
        **Respondent.**

## ORDER

Petitioner John Henry files this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I gave the case prompt initial consideration and determined that petitioner stated cognizable claims concerning the validity of his guilty plea and the ineffectiveness of his appellate counsel. Respondent moves to dismiss, contending that petitioner failed to exhaust the available state remedies for his ineffective assistance of appellate counsel claim. See Rose v. Lundy, 455 U.S. 509, 518 (1982); 28 U.S.C. § 2254(b)(1). In response, petitioner moves to amend his petition to drop this unexhausted claim and proceed with his remaining ground for relief. I will therefore grant petitioner's motion to amend and deny the motion to dismiss.

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and the Rules Governing Section 2254 Cases 2(a) the caption is amended to reflect that the current warden at Waupun Correctional Institution is William Pollard.

Also before me is petitioner's second motion for appointment of counsel.[2] In support of his motion, petitioner provides transcripts showing that he was generally received C's and D's in high school and has an I.Q. score in the 43rd percentile. He also brings recent psychological evaluations showing that he is depressed and is housed at a mental health unit at the Waupun Correctional Institution. Finally, he states that an inmate that previously helped him prepare his filings will likely not be available to assist him in the future.

Petitioner has provided sufficient evidence of seeking counsel on his own. Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Thus I consider given the difficulty of the case whether petitioner appears competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); see also Jackson, 953 F.2d at 1072. Based upon a review of these factors, I do not find that the interests of justice or fundamental fairness require appointment of counsel at this time. As I previously stated, the petition raises a relatively straightforward ineffective assistance of counsel claim which should not require complex legal argument or discovery of additional evidence. Petitioner appears competent to litigate the case himself and thus I will deny the motion without prejudice.

**THEREFORE IT IS ORDERED** that respondent's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to amend is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED**.

---

[2] Petitioner filed with his motion an application for leave to proceed in forma pauperis. He has, however, previously submitted the $5.00 filing fee. Because he has paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent ANSWER the amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FINALLY, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 21st day of June, 2011.

/s_____
LYNN ADELMAN
District Judge