# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN HENRY,
        Petitioner,

    v.                                      Case No. 11-CV-0202

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,
        Respondent.

## DECISION AND ORDER

Petitioner John Henry seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On May 29, 2008, petitioner pleaded guilty in Kenosha County Circuit Court to seven counts of repeated sexual assault of the same child. He is currently incarcerated at Waupun Correctional Institution. Petitioner seeks relief on the ground that his guilty plea was not made knowingly and voluntarily due to the ineffective assistance of his trial counsel.

Petitioner was initially charged with twenty-nine counts of repeated sexual assault of the same child. A plea agreement was offered that involved him pleading guilty to seven charges, with the remaining twenty-two read in for sentencing. This agreement reduced his prison exposure from 1,420 years to 340 years. He was represented at the plea hearing by Valerie Karls, a public defender. At the plea hearing, petitioner told the court that he understood it could sentence him to a maximum term of 340 years. He then pleaded guilty

and was sentenced to a total of 155 years to be served consecutively and 35 years of extended supervision.

After his conviction, petitioner moved for post-conviction relief, seeking to withdraw his plea on the ground that his trial counsel had rendered ineffective assistance. He alleged that his trial counsel had unequivocally promised him that he would be sentenced to no more than ten or twenty years if he pleaded guilty. He also alleged that he would not have pleaded guilty had he not received this promise and would instead have proceeded to trial. In response to the post-conviction motion, the trial court held an evidentiary hearing to determine whether petitioner had received ineffective assistance of counsel during the trial. See State v. Machner, 92 Wis.2d 797 (Ct. App. 1979). After hearing testimony from both petitioner and Karls regarding the advice that Karls had given petitioner prior to the plea hearing, the trial court found that Karls was more credible than petitioner and had not made any promise to him. Karls, a twenty-year veteran of the public defender's office, had testified that, although she could not remember the specific encounter with petitioner, she never makes a promise to a defendant about what a judge will do. As a result, the trial court concluded that trial counsel's advice was not deficient under Strickland v. Washington, 466 U.S. 668 (1984), and found petitioner's plea to be knowing and voluntary. Petitioner appealed the denial of his post-conviction motion to the Wisconsin Court of Appeals, which affirmed. The Wisconsin Supreme Court denied review.

Petitioner now seeks a writ of habeas corpus on the ground that he was denied effective assistance of trial counsel. Under 28 U.S.C. § 2254(d), I may grant habeas relief on a claim that was resolved on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In a habeas review, a state court's factual findings are presumed to be correct; however, the petitioner can overcome this presumption by presenting clear and convincing evidence that the decision was incorrect. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005).

Under federal law, a guilty plea is only valid if it was made knowingly and voluntarily. See McCarthy v. U.S., 394 U.S. 459, 466 (1969). A petitioner may attack the voluntariness of a guilty plea by claiming ineffective assistance of counsel. See U.S. v. Broce, 488 U.S. 563, 574 (1989). To prevail on an ineffective-assistance claim, petitioner must show that his counsel's advice regarding the plea was objectively unreasonable, and that there is a reasonable probability that, but for his counsel's error, petitioner would not have pleaded guilty. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984).

The question in this case is whether it was reasonable for the Wisconsin Court of Appeals' to find as a matter of fact that Karls did not make a promise to petitioner regarding his sentence. I find that it was. Karls may have had an incentive to lie about such a promise, petitioner certainly did as well, and petitioner's credibility is further damaged by the fact that he told the court at his plea hearing that he understood that he could be sentenced to a maximum term of 340 years. Furthermore, although the Pre-Sentence Investigation report recommended a sentence of only ten to thirteen years, and Karls argued for a sentence of six to seven years at sentencing, these facts do not suggest that Karls promised petitioner that either range was certain. Therefore, the state court's factual findings were reasonable in light of the evidence presented in this case.

3

Case 2:11-cv-00202-LA   Filed 08/31/12   Page 3 of 4   Document 39

**THEREFORE, IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of August 2012.

        s/ Lynn Adelman
        LYNN ADELMAN
        District Judge

4

Case 2:11-cv-00202-LA   Filed 08/31/12   Page 4 of 4   Document 39